IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLYDE MOODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 01-374-SLR |
| | ) |
| RICHARD KEARNEY, STANLEY TAYLOR, | ) |
| JOHN DOE #2, JOHN DOE #3 AND JOHN | ) |
| DOE #4, PRISON HEALTH SERVICES, | ) |
| INC. and its JOHN DOE EMPLOYEES, | ) |
| | ) |
| Defendants. | ) |

Rodger D. Smith II, Esquire and Leslie A. Polizoti, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware.  Counsel for Plaintiff.

Deborah J. Massaro, Esquire and David R. Zaslow, Esquire of White and Williams, Wilmington, Delaware.  Counsel for Defendant Prison Health Services.

Aaron R. Goldstein, Esquire, Department of Justice, State of Delaware, Wilmington, Delaware.  Counsel for State Defendants.

**MEMORANDUM OPINION**

Dated: August 4, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On June 6, 2001, plaintiff Clyde Moody filed the present action pursuant to 42 U.S.C. § 1983,[1] alleging the violation of his Eighth Amendment rights by Sussex Correctional Institution ("SCI"), John Ellingsworth, and John Does # 1, 2, 3, and 4 (collectively, "defendants").[2] (D.I. 2) Plaintiff's original complaint alleged that prison officials locked him in an unventilated room during the summer of 1985, causing him to suffer a severely debilitating heat stroke. (Id.) On March 12, 2002, the court dismissed plaintiff's original complaint sua sponte as frivolous, finding that it was time-barred, as the original complaint indicated that the date of the alleged incident was sixteen years prior to the filing of the complaint. (D.I. 8) Plaintiff appealed, and the Third Circuit remanded the matter on May 22, 2003, so that this court could consider "whether [the] federal tolling doctrine should be applied to [plaintiff's] claims under Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000), and, if so, whether the statute of limitations should be equitably tolled." (D.I. 20) The Third Circuit held "that the District Court should address this issue in the first

---

[1] When he filed his complaint, plaintiff was acting pro se and proceeding in forma pauperis. (D.I. 1)

[2] Plaintiff has filed an amended complaint that asserts claims against the current defendants. (D.I. 60)

instance if [defendants] raise the statute of limitations as a defense." (Id.)

On March 9, 2004, the court recognized the appearance of an attorney on plaintiff's behalf. (D.I. 42) Defendant SCI then filed a motion for judgment on the pleadings, alleging that the court lacks subject matter jurisdiction, 42 U.S.C. § 1983 is inapplicable to SCI, and the Delaware statute of limitations time bars plaintiff's claims. (D.I. 47, 48) On July 21, 2004, plaintiff filed a motion for leave to amend the original pro se complaint, correcting factual errors such as the date of the alleged incident and the names of the appropriate defendants.[3] (D.I. 53 at 4) On October 13, 2004, the court granted plaintiff's motion to amend the complaint and denied defendant SCI's motion for judgment on the pleadings as moot. (D.I. 59) At the same time, the court considered the Third Circuit's order and found that the equitable tolling doctrine is applicable to the case at bar. (Id.)

Currently before the court is defendant PHS's motion to dismiss or, in the alternative, for summary judgment.[4] (D.I. 81)

---

[3] Plaintiff added defendants Richard Kearney, Stanley Taylor and Prison Health Service, Inc. ("PHS") in his amended complaint.

[4] Defendant's motion for summary judgment is premature, as are defendant's arguments that plaintiff has not exhausted his administrative remedies, proven a violation of the Eighth Amendment or § 1983. Fact discovery is not scheduled to be completed until November 1, 2005, and plaintiff is "entitled to discovery before being put to [his burden of] proof." Alston v.

2

For the reasons that follow, defendant PHS's motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

Plaintiff has been an inmate in the Delaware Department of Correction ("DOC") since October 1985. (D.I. 60 at ¶ 9) Plaintiff has been housed at DOC's various facilities but, during the time period at issue, plaintiff was housed at SCI in Georgetown, Delaware. (Id. at ¶¶ 9-10) Throughout his incarceration, plaintiff has been treated for schizophrenia. (Id.)

In 1999 plaintiff's schizophrenia was being treated with anticholinergic drugs which inhibited his ability to sweat, causing an increase in body temperature. (Id. at ¶ 13) These drugs included a warning that patients taking them should not become overheated during hot weather. (Id.) On July 9, 1999, the temperature in Georgetown reached 97° Fahrenheit with a humidity level of 87%; the temperature within SCI was reportedly 120° Fahrenheit. (Id. at ¶ 12) This same day plaintiff was housed in a room with no windows, ventilation or access to running water. (Id. at ¶ 14) Despite his complaints of a headache and dizziness, he was not removed from these conditions. (Id. at ¶ 15) On July 10, 1999, plaintiff was found in a

---

Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Therefore, defendant PHS's motion, to the extent it should be construed as a motion for summary judgment, is denied.

"unresponsive state" with "hot, dry and flushed" skin. (Id. at ¶ 16) Plaintiff was taken to Beebe Hospital; the neurologist who examined plaintiff initially concluded that plaintiff, who was in a coma and had a body temperature of 105.6° Fahrenheit, had suffered a heat stroke and subsequent brain damage. (Id. at ¶ 16) Plaintiff is now wheelchair bound and unable to communicate effectively.

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957)  The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## III. DISCUSSION

### A. Application Of The Statute Of Limitations

Defendant PHS argues that plaintiff cannot assert a medical malpractice claim or a § 1983 claim against it because plaintiff's amended complaint, the first time PHS was named as a defendant, was filed more than two years after the date of the alleged wrongful act.

#### 1. Medical Malpractice Claim

Under Delaware law a claim for medical malpractice must be filed within two years of the time at which the alleged wrongful act or omission occurred. See Del. Code Ann. tit. 18 § 6856 (2005); David B. Lilly Co., Inc. v. Fisher, 18 F.3d 1112, 1117 (3d Cir. 1994); Dunn v. St. Fancis Hosp., 401 A.2d 77 (Del. 1979). Section 6856 provides three instances under which this limitations period can be tolled:

> (1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter; and
>
> (2) A minor under the age of 6 years shall have until the latter of time for bringing such an action as provided for hereinabove or until the minor's 6th birthday in which to bring an action.
>
> (3) A plaintiff may toll the above statutes of limitations for a period of time up to 90 days from the applicable limitations contained in this section by sending a Notice of Intent . . . .

5

Del. Code Ann. tit. 18 § 6856. None of these exceptions, assuming any of them apply, result in plaintiff's amended complaint being timely filed since it was filed after July 9, 2003. Because in these circumstances there is no basis under Delaware law for tolling the statute of limitations,[5] the limitations period for plaintiff's medical malpractice claims expired on July 9, 2001.

While plaintiff's amended complaint was filed outside the limitations period, plaintiff's original complaint was timely filed. If plaintiff's amended complaint relates back to the original complaint, then his state law claims would not be precluded. Pursuant to Federal Rule of Civil Procedure 15(c),

> [a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment

---

[5] Plaintiff does not argue that there is a state judicial doctrine under which the statute of limitations should be equitably tolled. Likewise, a review of Delaware case law leads the court to conclude that § 6856 was intended to ensure that the limitations period was tolled only under the limited exceptions within the section. See Christiana Hosp. v. Fattori, 714 A.2d 754, 756 (Del. 1998) (discussing the legislative history of § 6856, indicating that it contains "limited exceptions" and that the State legislature intended to "restrict the period for initiating medical malpractice claims to the time periods set forth in . . . § 6856"). As discussed below, the federal doctrine of equitable tolling applies in this case, but it does not apply to plaintiff's state law claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (holding that a plaintiff's state law personal injury claim was precluded due to the statute of limitations and that a plaintiff's federal § 1983 action was not precluded due to the doctrine of equitable tolling; "principles of federalism and comity between state and federal courts [require that] we respect the state's [statute of limitations] . . . for its own judicial procedures").

> changes the party or the name of the party against whom
> a claim is asserted if [the amended pleading arose out
> of the conduct, transaction, or occurrence set forth or
> attempted to be set forth in the original pleading]
> and, . . . the party to be brought in by amendment (A)
> has received such notice . . . that the party will not
> be prejudiced in maintaining a defense on the merits,
> and (B) knew or should have known that, but for a
> mistake concerning the identity of the proper party,
> the action would have been brought against the party.

This rule requires that the added party have notice of the action within the federal service period of 120 days. In this case, a determination of the timeliness of plaintiff's state law claims, as asserted against defendant PHS in his amended complaint, depends in part on the facts of record. Because discovery has not yet been completed, defendant's motion to dismiss is denied without prejudice to renew upon the close of the discovery period.

### 2. Federal Claims

In identifying the applicable statute of limitations for a § 1983 claim, courts generally use the statute of limitations for the state where the federal court sits. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). "Because Delaware's statute of limitations for personal injury claims is two years, [p]laintiff's [s]ection 1983 claims are subject to a two-year statute of limitations." Lamb-Bowman v. Del. State Univ., No. Civ.A. 98-658-MMS, 1999 WL 1250889, at *8 (D. Del. Dec. 10, 1999). This two year limitations period begins to run at the time plaintiff should have known about the injury. Carr v.

Dewey Beach, 730 F. Supp. 591, 603 (D. Del. 1990). Despite the fact that the Delaware statute of limitations applies, "federal tolling doctrine may be applicable to determine whether [plaintiff's] federal claims are timely." Lake, 232 F.3d at 366. The federal doctrine of "[e]quitable tolling stops the statute of limitations from running when the date on which the claim accrued has already passed." Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). This doctrine, however, "can [only] be applied to suits brought under federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy."[6] Id. "Although the Supreme Court has repeatedly recognized the equitable tolling doctrine, it also has cautioned that" it should be invoked sparingly. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

The Third Circuit has found that

> [e]quitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

---

[6]The court has already found that application of Delaware's two year statute of limitations would preclude plaintiff's Eighth Amendment claims. (D.I. 59)

Lake, 232 F.3d at 370 n.9.

Based upon the facts at bar, the court is concerned in this case with only the second scenario, to wit, whether extraordinary circumstances have prevented the plaintiff from timely filing his Eighth Amendment claim. To this end, plaintiff asserts that the very actions for which he is suing defendants injured him so severely that he was unable to pursue a remedy in a timely manner. Furthermore, until plaintiff was represented by counsel, he was precluded from accessing any of the medical and correctional records that were relevant, see 11 Del. C. § 4322, and these records were necessary to corroborate and supplement his memory of the events. (D.I. 58) Therefore, plaintiff asserts that the two year statute of limitations should have been tolled until March 9, 2004, when he was represented by counsel. (Id.) As the court has already stated, the equitable tolling doctrine applies, as "extraordinary circumstances" exist in this case because plaintiff "could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990).

### B. Failure To State An Eighth Amendment Violation Or A Claim Under 42 U.S.C. § 1983

Defendant PHS contends that plaintiff's amended complaint fails to allege an Eighth Amendment violation because it does not allege defendant PHS was deliberately indifferent. Defendant PHS

9

further contends that plaintiff's complaint fails to assert a claim under § 1983 because he has not alleged a policy or custom.

### 1. An Eighth Amendment Claim

To state a violation of the Eighth Amendment, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must demonstrate: (1) that he had a serious medical need; and (2) that the defendant was aware of this need and was deliberately indifferent to it. See West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Plaintiff's amended complaint alleges that he had a serious medical need, as he was on anticholinergic medication and "particularly vulnerable to overheating and heat stroke," that defendants knew about this vulnerability, but "acted with deliberate indifference" towards it. (D.I. 59 at 6) Therefore, plaintiff's amended complaint sufficiently pleads an Eighth Amendment violation.

### 2. A Claim Under § 1983

It is an established principle that the doctrine of respondeat superior is not an acceptable basis for liability under 42 U.S.C. § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); see also Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988); Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995) (applying this principle to liability of private corporations that provide medical services for the State). In order for PHS to be liable, there must be a "policy" or "custom" that resulted in the alleged deliberate indifference to plaintiff's serious medical need. See Monell, 436 U.S. at 694. A policy or custom may exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of the existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" Id. at 584 (quoting City of Canton v. Harris, 489 U.S. 378, 309 (1989)). Plaintiff's amended complaint does allege such a policy or custom as it states that "defendants failed to take measures to protect Mr. Moody" even though they were aware of his vulnerability to heat. (D.I. 60 at 5-6)

Because the court concludes that plaintiff's amended complaint alleges an Eighth Amendment violation and a claim under § 1983, defendant PHS's motion to dismiss is denied as to these claims.

## IV. CONCLUSION

For the reasons stated, defendant PHS's motion to dismiss or for summary judgment (D.I. 81) is denied. An order consistent with this memorandum opinion shall issue.